IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING TRADE COMMITTEE,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>       Defendant. | Before: Hon. _____,<br>    Judge<br><br>Court No. 25-00163 |

## COMPLAINT

Plaintiff, American Alliance for Solar Manufacturing Trade Committee (collectively, "Plaintiff" or "Petitioner"), by and through their attorneys, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.  Plaintiff brings this complaint to contest certain portions of the U.S. International Trade Commission's (the "Commission") final determination in the antidumping and countervailing duty investigations of crystalline silicon photovoltaic cells, whether or not assembled into modules, from Cambodia, Malaysia, Thailand, and Vietnam. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Malaysia and Thailand: Amended Final Countervailing Duty Deters.; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Countervailing Duty Orders*, 90 Fed. Reg. 26,791 (Int'l Trade Comm'n June 24, 2025) ("CVD Orders"); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules From the Socialist Republic of Vietnam: Amended Final Antidumping Duty Deter.; Crystalline Silicon Photovoltaic Cells,*

1

*Whether or Not Assembled Into Modules From Cambodia, Malaysia, Thailand and the Socialist Republic of Vietnam*, 90 Fed. Reg. 26,786 (Dep't Commerce June 24, 2025) ("AD Orders" and, together with the CVD Orders, the "AD/CVD Orders"); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from Cambodia, Malaysia, Thailand, and Vietnam*, 90 Fed. Reg. 25,075 (Int'l Trade Comm'n June 13, 2025) (deters.); *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from Cambodia, Malaysia, Thailand, and Vietnam*, Inv. Nos. 701-TA-722-725 and 731-TA-1690-1693, USITC Pub. 5631 (June 2025) (Final) ("USITC Pub. 5631").

## JURISDICTION

2. This Court has jurisdiction over this action to review the Commission's final determination pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and (B)(i).  The Commission's final determination applies to imports of subject merchandise from Cambodia, Malaysia, Thailand, and Vietnam.

## STANDING

3. Plaintiff is an association, a majority of whose members are composed of manufacturers in the United States of a domestic like product, and was the petitioner in the proceeding underlying this complaint.  Plaintiff is thus an interested party within the meaning of 19 U.S.C. §§ 1561a(f)(3) and 1677(9)(F).  Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4. Plaintiff commenced this action by filing a Summons on July 24, 2025, within 30 days after publication in the Federal Register of the AD/CVD Orders. *See* Summons (Ct. Int'l Trade July 24, 2025), ECF No. 1; AD/CVD Orders.  Plaintiff is filing this Complaint

within 30 days after filing the Summons. The Summons and Complaint are therefore timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5. The Commission published its notice of institution of investigations of crystalline silicon photovoltaic cells, whether or not assembled into modules, from Cambodia, Malaysia, Thailand, and Vietnam on April 30, 2024, following receipt of a petition filed with the Commission and the U.S. Department of Commerce ("Commerce") by Petitioner on April 24, 2024. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Cambodia, Malaysia, Thailand and Vietnam*, 89 Fed. Reg. 34,268 (Int'l Trade Comm'n Apr. 30, 2024) (institution of antidumping and countervailing duty invs. and scheduling of prelim. phase invs.).

6. On January 10, 2025, the Commission issued questionnaires to interested parties, including a U.S. Importers' questionnaire. *See generally*, Blank U.S. Importer Questionnaire (EDIS Doc. No. 819860). Given circumvention findings concerning the existing AD/CVD orders on CSPV products from China (*Solar I*), the U.S. importer questionnaire requested that importers "report imports subject to the circumvention determination using Commerce's definition in its final determination of the merchandise covered by its circumvention inquiry." *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Cambodia, Malaysia, Thailand and Vietnam*, Inv. Nos. 701-TA-722-725 and 731-TA-1690-1693, USITC Pub. 5517 (June 2024) (Prelim.) at 15 ("USITC Pub. 5517") (citing Blank U.S. Importer Questionnaire at 10).

7. For context, on August 23, 2023, Commerce found that importers completing solar products in Cambodia, Malaysia, Thailand and Vietnam using Chinese parts and

3

components were circumventing the *Solar I* orders. *See id.* at 13-14 (citing *Antidumping and Countervailing Duty Orders on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China*, 88 Fed. Reg. 57,419 (Dept Commerce Aug. 23, 2023) (final scope deter. and final affirmative deters. of circumvention with respect to Cambodia, Malaysia, Thailand, and Vietnam) ("Commerce's Final Circumvention Determination")).

8. However, prior to the final circumvention determination, President Biden declared an emergency "tariff holiday" through a Presidential Proclamation under 19 U.S.C. § 1318(a). *See* Proclamation 10414: Declaration of Emergency and Authorization for Temporary Extensions of Time and Duty-Free Importation of Solar Cells and Modules from Southeast Asia, 87 Fed. Reg. 35,067, 35,068 (June 9, 2022) ("Proclamation 10414"). Proclamation 10414 authorized Commerce "{t}o provide relief from the emergency" and directed that Commerce "shall consider taking appropriate action under" 19 U.S.C. § 1318(a), to permit the importation of certain solar cells and modules from the Southeast Asian countries, free of the collection of antidumping and countervailing duties, "under such regulations and under such conditions as the Secretary may prescribe." *Id*.

9. On September 16, 2022, Commerce implemented the Proclamation by promulgating the Moratorium Final Rule to permit duty-free importation of solar cells and modules. 19 C.F.R. § 362.101-104; Procedures Covering Suspension of Liquidation, Duties and Estimated Duties in Accord with Presidential Proclamation 10414, 87 Fed. Reg. 56,868 (Dep't of Commerce Sept. 16, 2022) ("Moratorium Final Rule"). In promulgating these regulations, Commerce explained that the rule did not apply to solar cells and modules

subject to the existing *Solar I* and *II* orders, or "solar cells and modules that are exported from Cambodia, Malaysia, Thailand, and Vietnam that are already subject to the China Solar Orders." Moratorium Final Rule at 56,869 (citing to the Taiwan Orders as well) and n.5 (citing to the origin rule based on the country of cell production).

10. In its final circumvention determination, Commerce confirmed that it would not require cash deposits for entries subject to the circumvention proceeding for the duration of the tariff holiday. *Id*. at 12-13. That is, given the unique circumstances of Presidential Proclamation 10414, Commerce set up a binary system: (1) entries that are "Certified Entries" are not subject to AD/CVD, and (2) entries for which none of the certifications can be made, are subject to AD/CVD. *See Circumvention Final Determination* at 57,422 (stating that "{Certified} entries will not be subject to suspension of liquidation, or the cash deposit requirements described above. Failure to comply with the applicable requisite certification requirements may result in the merchandise being subject to ADs and CVDs").

11. Commerce thus set forth a certification mechanism that enabled qualifying firms to demonstrate that their Cambodian, Malaysian, Thai and Vietnamese imports were not circumventing the *Solar I* orders. *Id*. at 13 n. 38 (citing Commerce's Final Circumvention Determination at 57,421-57,423). These three certifications were: (1) importer and exporter certifications that meet the definition of "Applicable Entries" ( the "Appendix IV Certification"); (2) importer and exporter certifications for the exporters with a negative circumvention determinations "in combination with certain wafer exporters" ( the "Appendix V Certification"); and (3) importer and exporter certifications based on the inputs used to manufacture the cells and modules (the "Appendix VI"

|     | |
| --- | --- |
|     | Certification). *See id.* at 57,422.  Commerce also explained that imports would not be subject to suspension of liquidation or the cash deposit requirements if the importer/exporter met the certification requirements in Appendix IV, V, or VI.  *Id*. With regard to the Entry Type, Commerce directed exporters/importers to file a Post Summary Correction with CBP, to correct entries from non-AD/CVD type entries (01) to AD/CVD type entries (03) if the entries cannot meet any of the certification requirements. *Id*. at 57,423. |
| 12. | On June 14, 2024, the Commission published its preliminary determination in these investigations.  *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Cambodia, Malaysia, Thailand and Vietnam*, 89 Fed. Reg. 50,633 (Int'l Trade Comm'n June 14, 2024) (deters.) ("ITC Prelim. Deter.").  The Commission found a reasonable indication that the domestic industry was materially injured by reason of subject imports from Cambodia, Malaysia, Thailand, and Vietnam that were alleged to be dumped and to be subsidized by the governments of Malaysia, Thailand, Vietnam, and that there was a reasonable indication that the domestic industry was threatened with material injury by reason of imports from Cambodia that were subsidized by the government of Cambodia, and it thus made an affirmative preliminary determination.  *See id.*; USITC Pub. 5517 at 1.  In particular, the record showed majority underselling by volume, with underselling in 81.9 percent of total reported subject import pricing volume.  USITC Pub. 5517 at 53.  The Commission found that subject imports had significant price effects on the domestic industry, including by underselling that resulted in subject imports gaining market share at the expense of the domestic industry.  *Id.* at 55-60.  The Commission also determined that there was a reasonable indication that an industry in the |

6

United States was threatened with material injury by reason of imports of subject imports from Cambodia that were alleged to be subsidized by the government of Cambodia and thus made an affirmative preliminary determination with regard to such imports. *See* ITC Prelim. Deter.; USITC Pub. 5517 at 1.

13. However, the Commission also recognized that it was "missing the questionnaire data for a significant volume of imports because NE Solar, one of the largest importers of CSPV products from Cambodia" did not submit a questionnaire response. USITC Pub. 5517 at 33. Instead, the Commission used Census-edited Customs records for NE Solar's imports. *Id*. at 34. Moreover, the Commission separately assessed Cambodian imports subject to the CVD investigation, because Cambodia is a developing country and was thus subject to a four percent rather than three percent negligibility threshold. *Id*. at 30, 35-36. Consistent with the statute, the Commission found that such imports did not exceed the four percent threshold, but were not negligible for purposes of the Commission's threat analysis since there was a potential that those imports would imminently exceed the four percent threshold of total CSPV imports. *Id*. at 35-36.

14. On January 10, 2025, the Commission issued final questionnaires to interested parties, including a U.S. Importers' questionnaire. *See* Letter from Nannette Christ, Dir. re: *Transmittal Letter* (Jan. 10, 2025). Interested parties with imports of CSPV cells and modules during the period of investigation responded to the questionnaires. Parties were instructed to report both their imports of subject and non-subject CSPV cells and modules.

15. The Commission subsequently asked importers to "separately report data for imports from Cambodia, Malaysia, Thailand, and Vietnam that were imported under Commerce's

7

      Appendix IV certification and for which {certain importers} requested the Commission treat as "nonsubject" imports." *See* Final Report to the Commission, *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Cambodia, Malaysia, Thailand, and Vietnam*, Inv. Nos. 701-TA-72-725 and 731-TA-1690-1693 (Final) (May 7, 2025) at 4.5, n. 5 ("Final Staff Report"). Several U.S. importers submitted questionnaires reporting trade data for CSPV cells and modules imported under an Appendix IV certification. *Id.*

16. The parties filed prehearing briefs on April 9, 2025. Petitioner argued that the U.S. solar industry has been materially injured by dumped and subsidized CSPV cells and modules from all four subject countries and also faced a real and imminent threat of additional material injury by reason of subject imports if relief is not granted. *See* Prehearing Brief of Petitioners, *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from Cambodia, Malaysia, Thailand, and Vietnam*, Inv. Nos. 701-TA-722-725 and 731-TA-1690-1693 (Final) (Apr. 9, 2025) at 42-62, 70-96 ("Prehearing Br.").

17. Petitioner also argued that imports from all four countries, Cambodia, Malaysia, Thailand, and Vietnam, exceeded the negligibility threshold. *Id.* at 13-23. In particular, Petitioner argued that the Commission should base its negligibility determination on official import statistics because there were significant omissions and discrepancies in the U.S. importer questionnaire responses. *Id.* at 13-16.

18. Alternatively, Petitioner argued that, if the Commission relied on questionnaire data for purposes of determining negligibility, it should use the data reported as originally instructed by the Commission, *i.e.*, prior to revisions to account for merchandise imported under an Appendix IV Certification as non-subject merchandise. Specifically, Petitioner

      identified to the Commission that certain Appendix IV imports were subject to the *Solar III* investigations, and that certain importers claiming that their reported Appendix IV imports were otherwise had failed to prove such imports were subject to the antidumping and countervailing duty orders from *Solar I* and thus non-subject to the *Solar III* investigations. *Id.* at 16-17. Petitioner further argued that the Commission should include volumes estimated for a major non-responding Cambodian producer of subject merchandise as subject merchandise. *Id.* at 17-19. *See also*, USITC Pub. 5517 at 34. Petitioner argued that the Commission's prehearing report incorrectly presumed that all of the company's imports were non-subject by virtue of Commerce's circumvention determination and that this unsupported presumption rewarded this company for its failure to participate in the investigation. Prehearing Br. at 18.

19.   The Commission held a hearing on April 15, 2025, and parties filed post-hearing briefs on April 22, 2025. *See e.g.*, Hearing Transcript, *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from Cambodia, Malaysia, Thailand, and Vietnam*, Inv. Nos. 701-TA-722-725 and 731-TA-1690-1693 (Final) (Apr. 15, 2025). Petitioner again argued that the Department should use official import statistics to calculate negligibility or, alternatively, use questionnaire data that does not treat Appendix IV imports as non-subject imports and includes volumes from non-responsive companies as subject imports. *See* Post-Hearing Brief of Petitioners, *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from Cambodia, Malaysia, Thailand, and Vietnam*, Inv. Nos. 701-TA-722-725 and 731-TA-1690-1693 (Final) (Apr. 22, 2025) at Exhibit 1, pp. 11-12 ("Post-Hearing Br."). Furthermore, Petitioner argued that if the Commission determined to treat Appendix IV entries as non-subject, it should

9

adjust the manner in which it accounted for Appendix IV entries in its negligibility calculation. Specifically, Petitioner argued that it would be more accurate to begin with official import statistics in both the numerator and denominator, and then adjust the numerator by subtracting Appendix IV volumes reported in the questionnaire responses. *Id.* at 13-14, Exhibit 10. Petitioner provided the Commission with a list of information that should be requested and obtained from importers to clarify with greater certainty which "Appendix IV" imports were subject to the *Solar III* case. *Id.* at Exhibit 1, Section I.

20. Finally, Petitioner argued that to treat Appendix IV imports as non-subject merchandise, *i.e.* under the discipline of *Solar I*, would be contrary to the facts surrounding the Presidential Proclamation, the Moratorium, and Commerce's certification process prescribed in its final circumvention determination, and the overall purpose of the statute at 19 U.S.C. § 1318(a). *Id.*

21. First, given Commerce's guidance on the available circumvention certificates (Appendix IV, V, and VI) using any of the three certifications available under Commerce's final circumvention determination carried the same duty liability and effectively moved relevant entries outside the scope of *Solar I*. *Id.* at Exhibit 1, p. 7. In particular, since there was no language in the Presidential Proclamation, the Moratorium Final Rule or Commerce's final determination that restricted an importer or exporter from using any one of the Appendixes, there was no hierarchy for imposing one Appendix over the other. *Id.* (*citing* Circumvention Final Determination at 57,422). That is, Appendix IV entries were indistinguishable from Appendix V and VI entries – *i.e.*, indistinguishable from entries that were not circumventing. *Id.* at Exhibit 1, pp. 8-9. And, as Commerce

explained, imports would not be subject to suspension of liquidation or the cash deposit requirements if the importer/exporter met the certification requirements in Appendix IV, V, or VI. *See id.* at Exhibit 1, p. 7 (*citing* Circumvention Final Determination at 57,422). Because importers and exporters were aware as early as the date of the Moratorium (September 16, 2022) that their exports would not be suspended from liquidation or assessed AD/CVD duties for two years, shipments of cells and modules from the four subject countries during the Moratorium period were made in volumes and at prices that were unrestrained by the discipline of the *Solar I* orders.

22. Petitioner thus argued that based on the factual circumstances, entries made under Appendix IV were not subject to the *Solar I* Orders because none of the statutory consequences of an affirmative circumvention finding were in effect for these entries. *Id.* at Exhibit 1, p. 8.

23. Second, Petitioner argued that 19 U.S.C. § 1318(a) provides that once the President declares that an emergency exists, certain categories of goods are authorized to be imported "free of duty," *i.e.* without regard to antidumping and countervailing duties. *Id.* at Exhibit 1, pp. 9-10. Accordingly, the reasonable interpretation of this statute as utilized in the Presidential Proclamation and as applied in Commerce's final circumvention certification process, was to find Appendix IV imports not subject to *Solar I* and instead subject to the *Solar III* investigations because these goods were imported "free of duty" as contemplated by the statute. *Id*. at Exhibit 1, p. 10.

24. On May 7, 2025, the Commission issued its Final Staff Report, and parties filed final comments on May 15, 2025. *See* Final Staff Report; Petitioner's Final Comments, *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from*

11

*Cambodia, Malaysia, Thailand, and Vietnam*, Inv. Nos. 701-TA-722-725 and 731-TA-1690-1693 (Final) (May 15, 2025) ("Petitioner's Final Comments"). Petitioner again argued that subject imports from all countries exceeded the negligibility threshold and that subject imports had materially injured the domestic industry. *See* Petitioner's Final Comments at 2-3, 6-12. Petitioner pointed to critical pieces of existing and new record information supporting its arguments. In particular, Petitioner argued that the Commission should not accept importers' self-serving claims that all of their Appendix IV imports should be treated as non-subject merchandise. *Id.* at 2. Petitioner again highlighted that it submitted a list of information for Commission Staff to request from importers to confirm which Appendix IV imports were subject to the *Solar III* investigation. *Id*. And, although the Commission did not appear to request this additional information, Petitioner noted that the Final Staff Report continued to report Appendix IV imports as non-subject imports in the primary data tables. *Id*. at 2-3 (citing Staff Report at C.5). Petitioner again argued that even if the Commission were to determine that Appendix IV imports must be treated as non-subject, they should be adjusted consistent with the methodology proposed by Petitioner in its Post-Hearing Brief. *Id*. at 3. Moreover, Petitioner identified that the Final Staff Report, unlike the Pre-Hearing Report, included a major Cambodian importer's data as subject Cambodian cell and module imports and that such designation would render those imports non-negligible by any measure. *Id*. (citing Staff Report at 4.15).

25. The Commission voted on May 20, 2025. USITC Pub. 5631 at 1.1 (Table 1.1). The Commission reached a final affirmative determination. *Id.* at 3. The Commission determined that the solar industry was materially injured by reason of imports of CSPV

products from Malaysia and Vietnam and that the solar industry was threatened with material injury by reason of imports from Cambodia and Thailand that had been found by the Commerce to be sold in the United States at less than fair value and subsidized by the governments of Cambodia, Malaysia, Thailand, and Vietnam. *Id*. at 1.

26. The Commission determined that subject imports from Cambodia and Thailand were negligible for purposes of present material injury in the antidumping and countervailing duty investigations but were "likely to imminently exceed the applicable negligibility thresholds for purposes of determining threat of material injury in the antidumping and countervailing duty investigations." *Id.* at 42. In reaching this negligibility determination, the Commission relied on the alternate importer questionnaire data it collected excluding all reported Appendix IV imports as non-subject, and supplemented by data from proprietary, Census-edited U.S. Customs and Border Protection data. *Id.* at 45. Thus, the Commission found that subject imports from Cambodia and Thailand had not materially injured the domestic industry. *See id.* at 79. Instead, the Commission analyzed whether subject imports from Cambodia and Thailand threatened the domestic solar industry with material injury. *Id.* at 80-96. The Commission determined that that the domestic solar industry was threatened with material injury by reason of imports of CSPV cells and modules from Cambodia and Thailand. *Id.* at 96.

## CLAIMS AND BASES FOR RELIEF

### Count I

27. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 26.

28. The Commission's determination that subject imports from Cambodia and Thailand did not exceed the negligibility threshold for purposes of its material injury analysis was not supported by substantial evidence and was otherwise not in accordance with law.

### Count II

29. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 26.

30. The Commission's determination that the U.S. solar industry was not materially injured by reason of subject imports from Thailand and Cambodia was not supported by substantial evidence and was otherwise not in accordance with law.

## REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1) Hold that the Commission's final determination in the investigation of *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from Cambodia, Malaysia, Thailand and Vietnam* is unsupported by substantial evidence and otherwise not in accordance with law; and

2) Remand the final determination to the Commission for disposition consistent with the Court's final opinion.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill
Laura El-Sabaawi, Esq.
Stephanie M. Bell, Esq.
Kimberly A. Reynolds, Esq.
Stephen A. Morrison, Esq.

**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
(202) 719-7000

*Counsel to American Alliance for Solar Manufacturing Trade Committee*

Dated: August 22, 2025

# CERTIFICATE OF SERVICE

PUBLIC SERVICE

*American Alliance for Solar Manufacturing Trade Committee v. United States*
**Court No. 25-00163**

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on August 22, 2025.

/s/ Kimberly A. Reynolds
Kimberly A. Reynolds, Esq.

Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006

Diana Dimitriuc Quaia, Esq.
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006

Christine Streatfeild, Esq.
**Baker & McKenzie LLP**
815 Connecticut Avenue NW
Washington, DC 20006

Patrick Regan
**Crossroads Solar**
1901 N. Bendix Drive
South Bend, Indiana 46628

Robert L. LaFrankie, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004

Lian Yang, Esq.
**Alston & Bird LLP**
950 F Street NW
Washington, DC 20004

Friederike Goergens, Esq.
**Greenberg Traurig, LLP**
2101 L Street, NW
Suite 1000
Washington, DC 20037

Kristin H. Mowry, Esq.
**Mowry & Grimson, PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Jordan C. Kahn, Esq.
**Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP**
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

Brooks Allen, Esq.
**Skadden, Arps, Slate, Meagher & Flom LLP**
1440 New York Avenue, NW
Washington, DC 20005

Gregory S. Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

Jonathan Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue
Suite 500
Washington, DC 20003

General Counsel
**U.S. International Trade Commission**
500 E Street, SW
Washington, DC 20436

Supervising Attorney
Civil Division – Commercial Litigation Branch
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Jonathan T. Stoel, Esq.
**Hogan Lovells US LLP**
555 13th Street, NW
Columbia Square
Washington, DC 2004

John R. Magnus, Esq.
**Tradewins LLC**
1330 Connecticut Ave., NW
Washington, DC 20006

The Honorable Lisa R. Barton
Secretary
**U.S. International Trade Commission**
500 E Street, SW
Washington, DC 20436

Attorney in Charge
International Trade Field Office
**Department of Justice, Civil Division**
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278