

**CHAMBERS OF
MARK A. BARNETT
CHIEF JUDGE**

UNITED STATES COURT OF INTERNATIONAL TRADE
One Federal Plaza
New York, New York 10278-0001

October 1, 2025

Via CM/ECF

    Re: *American Alliance for Solar Manufacturing Trade Committee v. United States*
    Court No. 25-00163

Dear Counsel:

    The above captioned matter has been assigned to these Chambers. U.S. Court of International Trade ("USCIT") Rule 56.2(a) requires the court to enter a scheduling order promptly after receiving the parties' Joint Status Report and proposed briefing schedule.

    Accordingly, all the parties shall confer and file, via CM/ECF, no later than Friday, October 31, 2025, a Joint Status Report and an agreed upon proposed scheduling order setting out a briefing schedule. The court encourages all parties to carefully consider their competing commitments and to propose realistic dates that they should be able to meet. While the court will consider timely extension requests based on a showing of good cause, when submitting a proposed scheduling order, the parties should seek to limit the need for extensions to short periods to address unexpected conflicts.

    To the extent there are intervening parties, the proposed briefing schedule shall include staggered deadlines for the intervening parties to avoid the repetition of arguments made in the earlier-filed briefs and appropriately reduced word limits. If the intervening parties do not intend to file substantive briefs, please indicate as such. In submitting a proposed scheduling order and to ensure compliance with the foregoing, the court **strongly encourages the parties to use the template** appended to this letter, and available at [Rule 56.2 Proposed Scheduling Order](#).

     In the event the parties are unable to agree on a briefing schedule, each party shall file a status report and a proposed briefing schedule no later than Friday, October 31, 2025.  Counsel shall then call the Case Manager, Giselle Almonte, at 212-264-0157 by Monday, November 3, 2025, to schedule a conference call with Chambers in order to resolve the matters in dispute.

     The court draws the parties' attention to the court's Administrative Orders, Practice Comments to the USCIT Rules, and the Standard Chambers Procedures.  All relevant instructions shall apply in this case.  Those resources, along with additional sample forms, are available at https://www.cit.uscourts.gov/uscit-rules-forms-chambers-procedures-guidelines-and-administrative-orders.

     When compiling the joint appendix, in addition to including a copy of those portions of the administrative record cited in the briefs, the parties must also include a copy of those portions of the administrative record cited by the agency in the relevant sections of its decision memoranda, as well as any underlying supporting documentation.  For example, when the agency's final decision memorandum cites to its preliminary decision memorandum, which, in turn, cites to a respondent's questionnaire response, both the preliminary decision memorandum and questionnaire response must be included in the joint appendix.  The joint appendix must include a single Table of Contents listing all record documents contained therein.  Thus, when multiple parties cite to the same record document, only one copy of the record document should be submitted.  The joint appendix must also include electronic bookmarks; additional instructions regarding their use are available at https://www.cit.uscourts.gov/sites/cit/files/Chambers_Bookmarking_Procedure.pdf.

     Please be advised that the court will be available to assist in settlement negotiations if the likelihood of settlement warrants this use of judicial resources.

                                                                     Very truly yours,

                                                                     /s/      Mark A. Barnett
                                                                     Mark A. Barnett
                                                                     Chief Judge

**APPENDIX**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| NAME OF PLAINTIFF(S),<br><br>　　Plaintiff,<br><br>NAME OF PLAINTIFF-INTERVENOR(S), IF ANY,<br><br>　　Plaintiff-Intervenor,<br><br>NAME OF CONSOLIDATED PLAINTIFF, IF ANY,<br><br>　　Consolidated-Plaintiff,<br><br>v.<br><br>NAME OF DEFENDANT(S),<br><br>　　Defendant.<br><br>NAME OF DEFENDANT-INTERVENOR(S), IF ANY,<br><br>　　Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge<br>Court No. 25-00163 |

**PROPOSED SCHEDULING ORDER**

　　Upon consideration of the parties' joint proposed briefing schedule and pursuant to U.S. Court of International Trade ("USCIT") Rules 16 and 56.2, it is hereby

　　**ORDERED** that the briefing of this action shall proceed in accordance with the schedule set forth below:

| | **FILING** | **DEADLINE** | **WORD LIMIT** |
|---|---|---|---|
| 1. | USCIT Rule 56.2 Motion(s) for Judgment on the Agency Record and Accompanying Brief(s) filed by Plaintiff(s) [*and Consolidated Plaintiff(s), if any*] | | |
| 2. | [*Initial Brief(s) of Plaintiff-Intervenor(s), if any*] | | |
| 3. | Response Brief of Defendant | | |
| 4. | [*Response Brief(s) of Defendant-Intervenor(s), if any*] | | |
| 5. | Reply Brief(s) of Plaintiff(s) [*and Consolidated Plaintiff(s), if any*] | | |
| 6. | [*Reply Brief(s) of Plaintiff-Intervenor(s), if any*] | | |
| 7. | Joint Appendix | | Not Applicable |
| 8. | Motion for Oral Argument | | Not Applicable |

Further, briefs filed by Intervenor(s) should not repeat arguments made in earlier filed briefs. The provisions regarding the calculation and certification of the word count contained in the Standard Chambers Procedures shall govern except as otherwise indicated in this Order. The individual requirements set forth in this scheduling order will remain in effect unless explicitly and directly modified.

                                                                                                               Mark A. Barnett
                                                                                                               Chief Judge

Dated:_____
       New York, New York