**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE MARK A. BARNETT**

Court No. 25-00163-MAB

**AMERICAN ALLIANCE FOR SOLAR MANUFACTURING
TRADE COMMITTEE,**

*Plaintiff,*

v.

**UNITED STATES,**

*Defendant,*

and

**BYD AMERICA LLC, CANADIAN SOLAR INTERNATIONAL LIMITED,
CANADIAN SOLAR MANUFACTURING (THAILAND) CO., LTD.,
CANADIAN SOLAR US MODULE MANUFACTURING CORPORATION,
RUNERGY PV TECHNOLOGY (THAILAND) CO., LTD.,
RUNERGY USA TRADING LLC, RUNERGY ALABAMA INC.,
TRINA SOLAR U.S., INC., and TRINA SOLAR SCIENCE AND
TECHNOLOGY (THAILAND) LTD.,**

*Defendant-Intervenors*.

**DEFENDANT UNITED STATES INTERNATIONAL TRADE COMMISSION'S
SUR-REPLY REGARDING STANDING IN OPPOSITION TO
RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

ANTHONY C. FAMIGLIETTI
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-2520
Facsimile: (202) 205-3111
anthony.famiglietti@usitc.gov

MARGARET D. MACDONALD
General Counsel
Telephone:  (202) 205-2561
margaret.macdonald@usitc.gov

KARL VON SCHRILTZ
Assistant General Counsel for Litigation
Telephone: (202) 205-3096
karl.vonschriltz@usitc.gov

**DATED:  August 11, 2026**

**TABLE OF CONTENTS**

Table of Authorities.................................................................................................................... iii

I.      The Court Should Dismiss This Action for Lack of Standing ..............................................1

II.     The Exception to Mootness for Cases Capable of Repetition but Evading
        Review Does Not Apply ......................................................................................................5

III.    The "Collateral Consequences" Exception Does Not Apply................................................7

IV.     Plaintiff Alleges No Procedural Harm .................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Altx, Inc. v. United States*,
    26 CIT 735, 211 F. Supp. 2d 1378 (2002) ..................................................................................4

*Am. Spring Wire Corp. v. United States*,
    7 CIT 2, 578 F. Supp. 1405 (1984) ..........................................................................................4

*Asociacion Colombiana De Exportadores De Flores v. United States*,
    13 CIT 858, 724 F. Supp. 969 (1989), *aff'd,* 916 F.2d 1571 (Fed. Cir. 1990) ........................3

*Caraco Pharm. Lab'ys, Ltd. v. Forest Lab'ys, Inc.*,
    527 F.3d 1278 (Fed. Cir. 2008)............................................................................................1, 8

*eSimplicity, Inc. v. United States*,
    122 F.4th 1373 (Fed. Cir. 2024) ...............................................................................................1

*Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
    528 U.S. 167 (2000).....................................................................................................................1

*GSA, S.r.l. v. United States*,
    23 CIT 920, 77 F. Supp. 2d 1349 (1999) ..................................................................................9

*Hylsa, S.A. de C.V. v. United States*,
    31 CIT 52, 469 F. Supp. 2d 1341 (2007) ..............................................................................7, 8

*Int'l Bhd. of Elec. Workers v. United States*,
    29 CIT 74 (2005) .......................................................................................................................4

*Invenergy Renewables LLC v. United States*,
    422 F. Supp. 3d 1255 (Ct. Int'l Trade 2019), *modified*, 476 F. Supp. 3d 1323
    (Ct. Int'l Trade 2020)................................................................................................................9

*Jilin Bright Future Chems. Co. v. United States*,
    619 F. Supp. 3d 1329 (Ct. Int'l Trade 2023) ...........................................................................3

*Kingdomware Techs., Inc. v. United States*,
    579 U.S. 162 (2016).....................................................................................................................5

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).....................................................................................................................2

*Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.*,
    915 F.3d 764 (Fed. Cir. 2019).....................................................................................................1

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
    320 F.3d 1354 (Fed. Cir. 2003).....................................................................................................2

**TABLE OF AUTHORITIES (cont'd)**

**Cases (cont'd)**                                                                 **Page(s)**

*Perry Chem. Corp. v. United States*,
    375 F. Supp. 3d 1324 (Ct. Int'l Trade 2019) ...............................................................3

*Qingdao Taifa Grp. Co. v. United States*,
    581 F.3d 1375 (Fed. Cir. 2009).....................................................................................3

*R-M Indus., Inc. v. United States*,
    18 CIT 219, 848 F. Supp. 204 (1994) ..........................................................................6

*Shandong Huarong Mach. Co. v. United States*,
    32 CIT 1316 (2008) ......................................................................................................3

*SKF USA Inc. v. United States*,
    28 CIT 170, 316 F. Supp. 2d 1322 (2004) ...................................................................2

*SKF USA, Inc. v. United States*,
    512 F.3d 1326 (Fed. Cir. 2007).....................................................................................3

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998).........................................................................................................8

*U.S. Aluminum Extruders Coal. v. United States*,
    777 F. Supp. 3d 1344 (Ct. Int'l Trade 2025) ...............................................................6

*United Transp. Union v. ICC*,
    891 F.2d 908 (D.C. Cir. 1989).......................................................................................8

*US Inventor, Inc. v. USPTO*,
    156 F.4th 1306 (Fed. Cir. 2025) ...................................................................................8

*Uzuegbunam v. Preczewski*,
    592 U.S. 279 (2021).......................................................................................................1

*VoestAlpine USA Corp. v. United States*,
    578 F. Supp. 3d 1263 (Ct. Int'l Trade 2022) ...............................................................1

*Yancheng Baolong Biochem. Prods. Co. v. United States*,
    406 F.3d 1377 (Fed. Cir. 2005).....................................................................................3

*Zenith Radio Corp. v. United States*,
    710 F.2d 806 (Fed. Cir. 1983)................................................................................2, 3, 4

*Zhejiang Native Produce & Animal By-Prods. Imp. & Exp. Corp. v. United States*,
    61 F. Supp. 3d 1358 (Ct. Int'l Trade 2015) .................................................................4

## TABLE OF AUTHORITIES (cont'd)

**Statutes**                                                                                          **Page(s)**

5 U.S.C. §§ 551, 701 *et. seq.* (Administrative Procedure Act)................................................................9

19 U.S.C. § 1504(d) ................................................................................................................................3

19 U.S.C. § 1516(a)e................................................................................................................................3

19 U.S.C. § 1516a(c)................................................................................................................................3

19 U.S.C. § 1516a(c)(1)...........................................................................................................................3

19 U.S.C. § 1516a(c)(2)........................................................................................................................2, 3

19 U.S.C. § 1671d(b)(1) ..........................................................................................................................6

19 U.S.C. § 1677c(b) ...............................................................................................................................9

**Other Authorities**

19 C.F.R. § 351.222(b)(2).........................................................................................................................7

U.S. Constitution, art. III .......................................................................................................................1, 6

Pursuant to the Court's June 30, 2026 Order (Dkt. 70), Defendant U.S. International Trade Commission ("Commission") submits this Sur-Reply Brief in response to the Reply Brief filed by the American Alliance for Solar Manufacturing Trade Committee ("Plaintiff") (Dkt. 73 ("PlRBr.")).  The Commission respectfully requests that the Court dismiss Plaintiff's appeal for lack of standing.

## I.    The Court Should Dismiss This Action for Lack of Standing

This Court has the authority and obligation to consider whether Plaintiff has standing to maintain this action.  It is "axiomatic that a federal court may not address the merits of a legal question not posed in an Article III case or controversy, and that a case must exist at all the stages of appellate review."  *eSimplicity, Inc. v. United States*, 122 F.4th 1373, 1376 (Fed. Cir. 2024) (quotation omitted).  "{A}n action is justiciable under Article III only where (1) the plaintiff has standing. . . (2) the issues presented are ripe for judicial review. . . and (3) the case is not rendered moot at any stage of the litigation."  *Caraco Pharm. Lab'ys, Ltd. v. Forest Lab'ys, Inc.*, 527 F.3d 1278, 1291 (Fed. Cir. 2008) (citations omitted).  Furthermore, the "case-or-controversy limitation on federal judicial authority underpins both . . . standing and . . . mootness jurisprudence."  *VoestAlpine USA Corp. v. United States*, 578 F. Supp. 3d 1263, 1272 (Ct. Int'l Trade 2022) (quoting *Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)).[1]  Moreover, because standing implicates the Court's subject matter jurisdiction, it is

---

[1] Here, the issue of standing and mootness are intertwined, although the two doctrines "may not be coextensive in all cases."  *Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019).  The "doctrine of standing generally assesses whether that interest exists at the outset, while the doctrine of mootness considers whether it exists throughout the proceedings."  *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021).  "To demonstrate standing, the plaintiff must not only establish an injury that is fairly traceable to the challenged conduct but must also seek a remedy that redresses that injury.  And if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot."  *Id.*

1

"well-established that any party, and even the court *sua sponte*, can raise the issue of standing for the first time at any stage of the litigation, including on appeal." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1367 (Fed. Cir. 2003).

For Plaintiff to have standing, it must have suffered an injury-in-fact that is redressable by the Court. As the Supreme Court has explained, the "irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992). A plaintiff must demonstrate (1) that it has suffered "an injury in fact" that is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) a "causal connection between the injury and the conducted complained of;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 560-61 (citations omitted).

As explained in the Commission's response brief, the only injury-in-fact claimed by Plaintiff is that duties were imposed on subject imports from Cambodia and Thailand beginning on the publication date of the Commission's threat determinations, June 13, 2025, instead of on the earlier date of Commerce's preliminary determinations, October 4, 2024, as would have been the case had the Commission found present material injury by reason of those imports. *See* Comm'n Response Br. at 6 (Dkt. 61). Because Plaintiff neglected to move for an injunction against the liquidation of entries of such imports, however, those entries were liquidated in July 2025. PlRBr. at 2.[2] As this Court has explained, "{i}n the context of an unfair trade case, Courts

---

[2] Plaintiff states that "no injunctions against these liquidations was sought in this case," PlRBr. at 2, but fails to address *Zenith* and its progeny, nor explain why it did not seek an injunction that would have suspended liquidation, when the statute is clear that Plaintiff could have done so. *SKF USA Inc. v. United States*, 28 CIT 170, 180, 316 F. Supp. 2d 1322, 1332 (2004) ("Pursuant to § 1516a(c)(2), this court may enjoin the liquidation of some or all entries of merchandise covered by the antidumping review upon request by an interested party for such relief and a proper showing by the party that the injunction should be granted under the

2

have generally found that once entries have been liquidated, there is no case or controversy with respect to the duty rate to be applied to them." *Shandong Huarong Mach. Co. v. United States*, 32 CIT 1316, 1321 (2008); *see also Zenith Radio Corp. v. United States,* 710 F.2d 806, 809–10 (Fed. Cir. 1983).  The Federal Circuit has stated that the "*Zenith* rule renders a court action moot once liquidation occurs" and it applies both "when liquidation occurs by action of Customs" and under the "deemed liquidation statute" in 19 U.S.C. § 1504(d).  *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1329 (Fed. Cir. 2007).  Furthermore, the Federal Circuit has held "if there is no injunction, liquidation is automatic under 19 U.S.C. § 1516(a)e and § 1516a(c)(1), and any decision on the merits of a liquidation challenged after liquidation has taken place is without effect." *Yancheng Baolong Biochem. Prods. Co. v. United States*, 406 F.3d 1377, 1381 (Fed. Cir. 2005) (citing *Zenith*, 710 F.2d at 810).  Accordingly, "{t}he statute provides only one clear avenue for obtaining liquidation of past entries in accordance with the court's determination. That avenue is through injunction of liquidation under 19 U.S.C. § 1516a(c)." *Asociacion Colombiana De Exportadores De Flores v. United States*, 13 CIT 858, 860, 724 F. Supp. 969, 971 (1989), *aff'd,* 916 F.2d 1571 (Fed. Cir. 1990).  Because the entries at issue have been liquidated, the Court can no longer redress Plaintiff's claims that antidumping and countervailing duties should have been imposed on them as of Commerce's preliminary determinations, rendering those claims moot.

---

circumstances.").  Any interested party, domestic or foreign, may seek an injunction under 19 U.S.C. § 1516a(c)(2).  *See Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1380 (Fed. Cir. 2009).  While a "preliminary injunction is an extraordinary remedy never awarded as of right," *Jilin Bright Future Chems. Co. v. United States*, 619 F. Supp. 3d 1329, 1331 (Ct. Int'l Trade 2023), this Court "routinely grants motions to enjoin liquidation because of the unique nature of antidumping and countervailing duty challenges." *Perry Chem. Corp. v. United States*, 375 F. Supp. 3d 1324, 1337 (Ct. Int'l Trade 2019).

Although this court has stated that *Zenith* generally applies to challenges of administrative reviews before Commerce, *Am. Spring Wire Corp. v. United States*, 7 CIT 2, 4-5, 578 F. Supp. 1405, 1407 (1984); *see also Altx, Inc. v. United States*, 26 CIT 735, 737, 211 F. Supp. 2d 1378 (2002), the same rule would extend to challenges to Commission determinations that effect the rate of duty applicable to subject merchandise during a discrete period, as in this case. Indeed, this Court has applied the *Zenith* rule to original antidumping and countervailing duty investigations, including those that "only affect entries made during a discrete period{.}" *Int'l Bhd. of Elec. Workers v. United States*, 29 CIT 74, 81 (2005) ("*IBEW*"); *see also Zhejiang Native Produce & Animal By-Prods. Imp. & Exp. Corp. v. United States*, 61 F. Supp. 3d 1358, 1363 (Ct. Int'l Trade 2015) (enjoining liquidation of entries subject to AD order until resolution of appeal challenging Commission's affirmative material injury determination). In *IBEW*, this Court granted an injunction to suspend liquidation of entries within the 90-day period preceding Commerce's preliminary determination while the plaintiff challenged Commerce's final negative critical circumstances determination. *IBEW*, 29 CIT at 75. The Court concluded that the plaintiff would suffer irreparable harm because "absent an injunction, should entries of the Subject Merchandise be liquidated without the application of the finally-determined antidumping duties, Plaintiffs *would lose the only remedy available to them* should they ultimately prevail on the issue of critical circumstances." *Id*. at 81 (emphasis added).

Extending the reasoning of *IBEW* to this case, by neglecting to seek an injunction, Plaintiff lost the only remedy available to it when the entries that are the subject of its claims were liquidated. Accordingly, the Court can no longer redress Plaintiff's only possible injury-in-fact here, the collection of duties starting on the publication date of the Commission's threat determinations regarding imports from Cambodia and Thailand instead of the earlier date of

4

Commerce's preliminary determinations.  For this reason, Plaintiff's claims are moot and the

Court should dismiss this action for lack of standing.

**II.      The Exception to Mootness for Cases Capable of Repetition but Evading Review
Does Not Apply**

Plaintiff's challenge to the Commission's use of a plug questionnaire does not fit this case

within the established narrow exception to mootness for cases capable of repetition but evading

review, as Plaintiff mistakenly argues.  *See* PlRBr. at 4.  As the Supreme Court has explained,

"{t}hat exception applies only in exceptional situations where (1) the challenged action {is} in

its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a

reasonable expectation that the same complaining party will be subject to the same action again."

*Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (quotation omitted).

Plaintiff's challenge to the Commission's reliance on plug questionnaires satisfies neither

prong.  First, the Commission's use of plug questionnaires here was not too short in duration or

subject to expiration to evade appellate review.  It is Plaintiff's failure to seek an injunction to

suspend liquidation – and only that – which has mooted the issues raised over the use of plug

questionnaires; had the Plaintiff sought an injunction, the Court would still have jurisdiction to

review that methodology and issue relief, if so required.

Nor has Plaintiff addressed, much less established, any reasonable expectation or

probability that the Commission will use plug questionnaires in a future investigation involving

Plaintiff.  Even assuming *arguendo* that that were the case, there is nothing intrinsic to plug

questionnaires that would preclude Plaintiff, or any other party, from challenging the

Commission's reliance on them in a future case.[3]  Accordingly, the "capable of repetition"

---

[3] Indeed, this Court has affirmed the Commission's use of a similar methodology for
calculating subject import volumes for purposes of negligibility, relying on the same Census-

exception does not apply to Plaintiff's challenge to the Commission's use of the plug questionnaire.

Nor does *R-M Industries, Inc. v. United States*, 18 CIT 219, 229, 848 F. Supp. 204, 212 (1994), support Plaintiff's claim that the "capable of repetition" exception applies here. In *R-M Industries*, the Commission interpreted 19 U.S.C. § 1671d(b)(1) to mean that the "ITC may reach an affirmative decision on any ground without considering alternative grounds," which resulted in the Commission making a negative final threat determination on imports from Hungary without considering whether the domestic industry experienced present material injury. *Id*. at 228, 848 F. Supp. at 212. The plaintiff argued that "because a present material injury determination and a threat of material injury determination would have different implications on the assessment of duties, the Commissioners are required to make a separate finding on each issue." *Id*., 848 F. Supp. at 212. Accordingly, the Court reasoned that there could never be judicial review of the legal issue of whether the Commission is required to analyze present material injury before making a negative threat determination because in a "threat only" case, a "court injunction of liquidation of suspended (i.e. pre-injury) entries likely would not occur", rendering the claim moot. *Id*. at 229, 848 F. Supp. at 212. Here, by contrast, Plaintiff could have preserved its Article III standing by seeking an injunction to enjoin liquidation of entries from Cambodia and Thailand between Commerce's preliminary determinations and the Commission's final threat determinations, but did not do so.

---

edited Customs records that the Commission used to create the plug questionnaires in this case. *See U.S. Aluminum Extruders Coal. v. United States*, 777 F. Supp. 3d 1344, 1348, 1352 (Ct. Int'l Trade 2025) (affirming Commission's negligibility calculation that included "using Customs records edited by the U.S. Census Bureau" as a "reasonable methodological choice with a rational basis in fact").

## III.    The "Collateral Consequences" Exception Does Not Apply

Plaintiff's assertion that the "collateral consequences" exception to mootness applies, relying on *Hylsa, S.A. de C.V. v. United States*, 31 CIT 52, 53, 469 F. Supp. 2d 1341, 1343 (2007), is misplaced.[4]  In *Hylsa*, an importer challenged Commerce's ninth administrative review of an antidumping order, without obtaining injunctive relief, and during the pendency of the appeal Commerce completed the tenth administrative review, in which the importer received a 0.62 percent dumping margin.  *Id*., 469 F. Supp. 2d at 1342-43.  The Court determined that although the ninth review entries had been liquidated and "Hysla ha{d} foregone its right to get monies refunded on particular entries" there still was a live case or controversy because the calculation of a non-de minimus margin in the ninth review affected Hylsa's ability to obtain revocation of the antidumping duty order in subsequent reviews.  *Id*. at 55, 469 F. Supp. 2d at 1345.  The Court explained that, at the time, under "19 C.F.R. § 351.222(b)(2), three years of zero or *de minimis* margins is a critical factor to be considered by the Secretary of Commerce in deciding whether to revoke an antidumping duty order as to a party."  *Id.* at 54, 469 F. Supp. 2d at 1343-44.  This limited "collateral consequences" exception applied in the specific instance where an importer challenged an administrative review and failed to request an injunction to suspend liquidation, but Commerce's calculation of the dumping margin could have affected the importer's ability to obtain revocation of the order in subsequent reviews.

Here, Plaintiff's alleged "collateral consequence" of the Commission's negligibility determinations is too speculative to constitute an injury-in-fact sufficient to confer standing, unlike the concrete collateral consequence, the importer's ability to obtain revocation of the

---

[4] The *Hylsa* Court acknowledged that while the "collateral consequences" exception exists in criminal cases, "{i}t is not so clear" it exists for civil cases.  *Hylsa,* 31 CIT at 55, 469 F. Supp. 2d at 1344.

order, at issue in *Hylsa*. Specifically, Plaintiff argues that because of the Commission's threat determinations, Commerce will use later periods of reviews ("PORs") for the first administrative reviews of the antidumping and countervailing duty orders on subject imports from Cambodia and Thailand, as opposed to the earlier PORs applicable to the orders on the imports from Malaysia and Vietnam subject to the Commission's present material injury determinations. Plaintiff, however, does not and cannot argue that Commerce's use of the earlier PORs in its first administrative reviews of the orders on Cambodia and Thailand would yield higher AD/CVD rates than its use of the later PORs, as such an assertion would be based on speculation about what Commerce, a third party not involved in this action, may do in the reviews. "'{W}hen considering any chain of allegations for standing purposes,' {the court} 'may reject as overly speculative those links which are predictions of future events (*especially future actions to be taken by third parties*).'" *US Inventor, Inc. v. USPTO*, 156 F.4th 1306, 1311 (Fed. Cir. 2025) (quoting and emphasizing *United Transp. Union v. ICC*, 891 F.2d 908, 912 (D.C. Cir. 1989)). To establish standing, a plaintiff's injury in fact must be "'concrete' and actual or imminent, not 'conjectural' or 'hypothetical'" like Plaintiff's alleged injury from Commerce's use of the later PORs. *Caraco*, 527 F.3d at 1291 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998)).

Moreover, the *Hylsa* court stated that it "is also *important to note that the court is able to provide the relief that the plaintiff is seeking*, in the form of a declaration as to whether the margin is *de minimus*." *Hylsa*, 31 CIT at 54 n.5, 469 F. Supp. 2d at 1343 n.5 (emphasis added). Here, the only concrete and actual injury that Plaintiff allegedly suffered was the collection of duties beginning on the publication date of the Commission's threat determinations instead of the earlier date of Commerce's preliminary determinations. Because Plaintiff failed to move for an

8

injunction suspending liquidation of the relevant entries during the pendency of this appeal, those entries have been liquidated, meaning the Court is unable to provide redress for Plaintiff's alleged injury.

## IV.    Plaintiff Alleges No Procedural Harm

Finally, Plaintiff relies on *Invenergy Renewables LLC v. United States*, 422 F. Supp. 3d 1255 (Ct. Int'l Trade 2019), *modified*, 476 F. Supp. 3d 1323 (Ct. Int'l Trade 2020), to argue that "procedural harm may be sufficient" to confer standing, without alleging any procedural harm. PlRBr. 6-7.  In *Invenergy*, the court held that plaintiff had standing to challenge the USTR's alleged violation of the Administrative Procedure Act ("APA") by withdrawing a previous exclusion for bifacial solar panels from the existing safeguard measure on solar cells and modules, explaining that "failure to comply with APA procedural requirements . . . causes irreparable harm because the damage done by the Agency's violation of the APA cannot be fully cured by later remedial action." *Id*. at 1290-91 (quotation omitted).  Here, however, Plaintiff does not allege that the Commission violated the APA, which "does not apply to antidumping administrative proceedings," or any other procedural requirement.  *GSA, S.r.l. v. United States*, 23 CIT 920, 931, 77 F. Supp. 2d 1349, 1359 (1999) (citing 19 U.S.C. § 1677c(b)).  Instead, Plaintiff references its mistaken arguments concerning the plug questionnaires and Commerce's use of later PORs in the first administrative reviews, which are not alleged procedural violations but exceptions to mootness for which Plaintiff does not qualify.

For the foregoing reasons, the Commission respectfully requests that the Court dismiss the Plaintiff's appeal for lack of standing.

9

Respectfully submitted,

Margaret D. Macdonald
General Counsel

Karl von Schriltz
Assistant General Counsel for Litigation

*/s/ Anthony C. Famiglietti*
Anthony C. Famiglietti
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-2520
Facsimile: (202) 205-3111
anthony.famiglietti@usitc.gov

*Attorneys for Defendant United States International Trade Commission*

Dated:  August 11, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Chambers Procedures 2(B)(1) and (2), I hereby certify that the

attached **DEFENDANT UNITED STATES INTERNATIONAL TRADE COMMISSION'S**

**SUR-REPLY ON STANDING IN OPPOSITION TO RULE 56.2 MOTION FOR**

**JUDGMENT ON THE AGENCY RECORD** contains 3,000 words, according to the word-

count function of the word processing system used to prepare this brief (Microsoft Word 2010).


 Dated:  August 11, 2026                          */s/  Anthony C. Famiglietti*
                                                  Anthony C. Famiglietti
                                                  Attorney-Advisor
                                                  Office of the General Counsel
                                                  U.S. International Trade Commission
                                                  500 E Street, SW
                                                  Washington, DC 20436
                                                  Telephone: (202) 205-2520
                                                  Facsimile: (202) 205-3111
                                                  anthony.famiglietti@usitc.gov

11